ASH

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Denise Wingo, | No. CV-23-02646-PHX-JAT (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Maricopa County Estrella Jail, | |
| Defendant. | |

On December 18, 2023, Plaintiff Sarah Denise Wingo, who was previously confined in a Maricopa County Jail, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1), and an Application to Proceed In Forma Pauperis (Doc. 2). That same day, a Notice of Assignment was generated by the Clerk of Court assigning the matter to the undersigned, and mailed to Plaintiff. On December 29, 2023, the Notice was returned to the Court as "undeliverable" because Plaintiff was no longer in custody (Doc. 5). To date, Plaintiff has not filed a Notice of Change of Address or otherwise informed the Court of her whereabouts.

Plaintiff has the general duty to prosecute this case. *Fid. Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in h[er] mailing address." *Carey v.*

*King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam).  If the Court were to order Plaintiff to show cause why dismissal was not warranted, the Order "would only find itself taking a round trip through the United States mail." *Id.*

It is well established that under Federal Rule of Civil Procedure 41(b), a district court has authority to dismiss a plaintiff's action because of her failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (a district court has the inherent power to dismiss a case sua sponte for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (1992) (holding that a district court may dismiss an action for failure to comply with any order of the court); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (a district court may dismiss an action for failure to comply with a local rule).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus, the key factors are prejudice and availability of lesser sanctions."  *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure to keep the Court informed of her address prevents the case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative is available.  Without Plaintiff's current address, however, certain alternatives are bound to be futile.

The Court finds that only one less drastic sanction is realistically available.  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise."  In the instant case, the Court finds

that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS ORDERED:**

(1) This action is dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court must enter judgment accordingly, and close this case.

(2) Plaintiff's Application to Proceed in Forma Pauperis (Doc. 2) is **denied as moot**.

Dated this 18th day of January, 2024.

James A. Teilborg
Senior United States District Judge